## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **ADVANCED TRAINING GROUP** | ) | |
| **WORLDWIDE, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  1:19-cv-00505-TSE-TCB** |
| | ) | |
| **PROACTIVE TECHNOLOGIES, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| —————————————————— | ) | |

### DEFENDANT PROACTIVE TECHNOLOGIES, INC.'S
### AMENDED REQUESTED JURY INSTRUCTIONS

Defendant, ProActive Technologies, Inc. ("ProActive" or "Defendant"), by and through its

undersigned counsel and pursuant to this Court's Order entered on May 7, 2021 (Dkt. 400), hereby

submits the following requested jury instructions for the Court's review and consideration.

Respectfully submitted,

**PROACTIVE TECHNOLOGIES, INC.**

_____/s/_____
Jeffrey S. Poretz, Esq.    (VSB No. 38529)
Laura Golden Liff, Esq. (VSB No. 80618)
**MILES & STOCKBRIDGE P.C.**
1751 Pinnacle Drive, Suite 1500
Tysons Corner, VA 22102
(703) 903-9000 (Telephone)
(703) 610-8686 (Facsimile)
jporetz@milesstockbridge.com
lliff@milesstockbridge.com

C. Peter Dungan, Esq. *(Admitted Pro Hac Vice)*
**MILES & STOCKBRIDGE P.C.**
1201 Pennsylvania Avenue, NW, Suite 900
Washington, DC  20004
Tel:  202-524-8055
pdungan@milesstockbridge.com

Rachel T. McGuckian, Esq. *(Admitted Pro Hac Vice)*
**MILES & STOCKBRIDGE P.C.**
11 North Washington Street, Suite 700
Rockville, Maryland 20850-4286
Tel: 301-762-1600
rmcguckian@milesstockbridge.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 30th day of June 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/
Jeffrey S. Poretz

## Preliminary Instructions to Jury at Beginning of Trial

Members of the jury, in this case the plaintiff, Advanced Training Group Worldwide, Inc. (also called "ATG") has sued the defendant, ProActive Technologies, Inc. (also called "ProActive"), claiming nominal damages for breaching the terms of a contract, which in this case, is a document called a Memorandum of Understanding. Nominal damages are damages of $1.00, which is the maximum that can be awarded in this case.

The trial will proceed in four stages: (1) opening statements; (2) presentation of the evidence; (3) final argument; and (4) instructions for deliberations. You will then go to the jury room, select a foreperson, deliberate, and arrive at your verdict.

## Opening Statements

The plaintiff's attorney may make an opening statement outlining the plaintiff's case. Then the defendant's attorney also may make an opening statement. Neither side is required to do so.

## Presentation of the Evidence

Following the opening statements, the plaintiff will introduce evidence, after which the defendant then has the right to introduce evidence (but is not required to do so). Rebuttal evidence may then be introduced if appropriate.

## Final Argument

Once the evidence has been presented, then the attorneys may make their closing arguments. The plaintiff's attorney will argue first, the defendant's attorney may reply, and the plaintiff's attorney may close in rebuttal.

## Instructions

At the conclusion of closing arguments, I will instruct you on the law that is to be applied to this case, and on your deliberations.

Members of the jury, your function in the trial of this case is to reach a unanimous verdict that is based solely on the evidence and the instructions of law which you will be given after all the evidence has been presented. The law applicable to this case is given to you in these instructions and in the other instructions you will receive at the close of all evidence, and it is your duty to follow all such instructions.

No statement or ruling or remark that I may make during the course of the trial is intended to indicate my opinion as to what the facts are. It is the function of the jury to consider the evidence and determine the facts in this case.

The evidence that you are to consider consists of testimony of witnesses, any exhibits admitted into evidence, and any facts agreed upon between the parties and presented to you in the form of a stipulation. The admission of evidence in court is governed by rules of law. From time to time, it may be the duty of the attorneys to make objections, and it is my duty as judge to rule on those objections and decide whether or not you can consider certain evidence. You must not consider testimony or exhibits to which an objection was sustained or which has been ordered stricken. If an objection is overruled, then you may consider that evidence together with all other evidence in the case. The opening statements and closing arguments of the attorneys are intended to help you in understanding the evidence and in applying the law, but their statements are not evidence.

Each of you has been given a note pad to be used if you wish to take notes during the trial. Please write your name and nothing else on the first page of your note pad. At the end of the day, the bailiff will collect the note pads and no one will be permitted to read them. Any notes you take are only to help you remember and are not evidence. Do not let note taking interfere with watching and listening to the witnesses.

In your determination of what the facts are, you alone must determine the credibility of the witnesses and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case. You should not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper. You should use your common sense in considering the evidence, and you may draw reasonable inferences from that evidence; but in doing so, you should not indulge in guesswork or speculation. From consideration of these things and all the other circumstances of the case, you should determine which witnesses are more believable and weigh their testimony accordingly. Until this case is submitted to you for your deliberations, you should not decide any issue in the case, and you should not discuss the case with anyone or remain within hearing of anyone who is discussing it. There will be occasional recesses during the trial. During the recesses, you should not discuss the case with your fellow jurors or go to the scene or make any independent investigation or receive any information about the case from radio, television, or the newspapers. Once your deliberations commence, then you must discuss the case only in the jury room when all the members of the jury are present.

Do not attempt at any time prior to the conclusion of the case to research any fact, issue, or law related to this case, whether by discussion with others, by research in a library or on the Internet, or by any other means or source. You must not use Internet maps, or any other program or device to search for and view any location discussed in the testimony. You must not search for any information about the case, or the law which applies to the case, or the people involved in the

case, including the parties, the witnesses, the lawyers, or the judge. You must not communicate with anyone about the case by any other means, including by telephone, text messages, email, internet chat or chat rooms, blogs, or social web sites. I expect you will inform me if you become aware of another juror's violation of these instructions.

Just prior to your deliberations, you will be given final instructions with regard to your selection of a foreperson, the conduct of your deliberations, and the forms for your verdict.

Finally, because of the Covid-19 emergency, extra precautions have been taken by the court for the safety of trial participants and the jury. During the trial, all persons who are not fully vaccinated are required to wear masks and maintain social distancing whenever possible. Attorneys and witnesses who are not fully vaccinated will occasionally be permitted to remove masks when it becomes necessary to speak with clarity or ensure proper recording of proceedings. You may also see the use of plexiglass or shields to prevent potential exposure to the Covid-19 virus. The fact that the court is taking safety precautions during the trial should not be held against any party, nor should you draw any inference regarding the health of any individual involved in the trial. All persons who enter the court, including attorneys, litigants, and jurors, are subject to the same screening protocol, including the provision of information about their health, and a temperature check.

If during the course of the trial you become ill, or experience fever of at least 100 degrees Fahrenheit, you should notify the court immediately. If you experience symptoms while at home, or are exposed to another person who has tested positive for Covid-19 (even though you may be asymptomatic), please contact my chambers and await further instructions before you return to the courthouse.

The faithful and proper performance by you of your duty is vital to the administration of justice. On behalf of the court and the litigants, we appreciate your giving your complete attention to the case as it is presented.

Source & Authority:   Virginia Model Jury Instruction 2.000 (modified)

## **Brief Instructions To Jury Before Closing in Civil Case**

The record will reflect that all members of the jury are present, the parties are present, we are ready to proceed.

Ladies and gentlemen of the jury, all of the evidence is now in, and we are ready for the closing arguments.

This is a civil action, and the burden is on the plaintiff in a civil action to prove the case by a preponderance of the evidence, by the greater weight of the evidence.

Since the burden of proof is on the plaintiff, under our system of juris prudence, the plaintiff will have the right to open and close the arguments. So, you will first listen to the plaintiff, then you will listen to counsel for the defendants, and then since the burden of proof is on the plaintiff, the plaintiff will have the right to present the final closing argument.

You will recall, that I told you at the very beginning of this trial, that neither the opening statements nor the closing arguments are evidence in the case, and must not be considered by you as such. But they are made now to assist you in evaluating the evidence and applying the law.

Source & Authority:   http://www.vawd.uscourts.gov/judges/judge-sargent/jury-instructions.aspx
(last visited June 30, 2021)

## <u>DEFENDANT'S INSTRUCTION NO. 1</u>

### Role of the Jury

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Source & Authority: 3 Fed. Jury Prac. & Instr. § 103:01 (6th ed.).

## DEFENDANT'S INSTRUCTION NO. 2

**All Persons Equal before the Law – Organizations**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including corporations, limited liability companies, and other organizations stand equal before the law, and are to be treated as equals, regardless of their respective size.

Source & Authority: 3 Fed. Jury Prac. & Instr. § 103:12 (6th ed.)

## DEFENDANT'S INSTRUCTION NO. 3

### Burden of Proof

ATG has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If ATG should fail to establish any essential element of it's claim by a preponderance of the evidence, you should find for ProActive as to that claim.

The defendant has the burden of establishing the essential elements of their affirmative defense. I will explain this later.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Source & Authority: 3 Fed. Jury Prac. & Instr. § 104:01 (6th ed.).

## DEFENDANT'S INSTRUCTION NO. 4

### Evidence

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Source & Authority: 3 Fed. Jury Prac. & Instr. § 103:30 (6th ed.).

## DEFENDANT'S INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Source & Authority: 3 Fed. Jury Prac. & Instr. § 104:05 (6th ed.).

## <u>DEFENDANT'S INSTRUCTION NO. 6</u>

**Court's Comments Not Evidence**

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

Source & Authority: 3 Fed. Jury Prac. & Instr. § 103:33 (6th ed.).

## <u>DEFENDANT'S INSTRUCTION NO. 7</u>

**Verdict Not to Be Based on Sympathy, Bias, Guesswork, or Speculation**

You must not base your verdict in any way upon sympathy, bias, guesswork, or speculation. Your verdict must be based solely upon the evidence and instructions of the court.

Source & Authority: Virginia Model Jury Instruction No. 2.220

## DEFENDANT'S INSTRUCTION NO. 8

### Credibility of Witnesses

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

Source & Authority: Virginia Model Jury Instruction No. 2.020

## DEFENDANT'S INSTRUCTION NO. 9

### Adverse Witness

The plaintiff called the defendant as an adverse witness. The plaintiff is bound by as much of the defendant's testimony given as an adverse witness as is clear, logical, reasonable, and uncontradicted.

The plaintiff is not bound by any of the defendant's testimony given as an adverse witness that conflicts with any of the other evidence in the case.

Source & Authority: Virginia Model Jury Instruction No. 2.030

## DEFENDANT'S INSTRUCTION NO. 10

### Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's is outweighed by other evidence, you may disregard the opinion entirely.

Source & Authority: 3 Fed. Jury Prac. & Instr. § 104:40 (6th ed.).

<u>**DEFENDANT'S INSTRUCTION NO. 11**</u>

**Use of Depositions as Evidence**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Source & Authority: 3 Fed. Jury Prac. & Instr. § 105:02 (6th ed.).

## DEFENDANT'S INSTRUCTION NO. 12

### Impeachment—Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Source & Authority: 3 Fed. Jury Prac. & Instr. § 105:04 (6th ed.).

## DEFENDANT'S INSTRUCTION NO. 13

**Effect of Prior Inconsistent Statements or Conduct**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Source & Authority: 3 Fed. Jury Prac. & Instr. § 105:09 (6th ed.).

## <u>DEFENDANT'S INSTRUCTION NO. 14</u>

**Answers to Interrogatories**

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

Source & Authority: 3 Fed. Jury Prac. & Instr. § 104:72 (6th ed.).

## DEFENDANT'S INSTRUCTION NO. 15

### Inferences

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Source & Authority: 3 Fed. Jury Prac. & Instr. § 104:20 (6th ed.).

## DEFENDANT'S INSTRUCTION NO. 16

### Limited Liability Company and Definitions

A Virginia limited liability company, or LLC, is an unincorporated organization that is organized and existing under Virginia's Limited Liability Company Act. In this case, ProActive and ATG were members of Raptor Training Services, LLC ("RTS"), which is a Virginia LLC. Because RTS is a Virginia LLC, certain laws and definitions contained in the Virginia LLC Act are applicable to the issues in this case.

A "member" is a person that has been admitted to membership in an LLC and that has not ceased to be a member.

A "manager" means a person designated by the members of an LLC to manage the LLC as provided in the operating agreement.

An "operating agreement" means an agreement of the members as to the affairs of a limited liability company and the conduct of its business.

Source & Authority: Va. Code § 13.1-1002

## DEFENDANT'S INSTRUCTION NO. 17

### Management of Limited Liability Company

Except as otherwise provided in an operating agreement, the Virginia LLC Act provides that an LLC is managed by its members, who vote in proportion to the member's percentage interest in the LLC.

A majority vote of the members of an LLC shall consist of the vote or other approval of members having a majority share of the voting power of all members. Unless otherwise provided in an operating agreement, any action required or permitted to be taken by the members of a limited liability company may be taken upon a majority vote of the members.

In Raptor Training Services LLC, at all times Proactive has held the majority of the voting and membership interests and has served as the Managing Member.

Source & Authority: Va. Code § 13.1-1022(A)–(C)

## DEFENDANT'S INSTRUCTION NO. 18

### Dissociation or Expulsion from LLC

Under Virginia law, a member of an LLC may be dissociated or expelled from the LLC under certain circumstances.

"Disassociation" is the process by which a member stops being a member of an LLC. A member may be dissociated from an LLC by the occurrence of an event agreed upon in the LLC operating agreement as causing that member's dissociation or termination.

"Expulsion" is the act of depriving a member of an LLC of its right to membership. A member may be expelled from an LLC pursuant to the terms of the LLC operating agreement.

Citation Va. Code § 13.1-1040.1(2)(3)

<u>**DEFENDANT'S INSTRUCTION NO. 19**</u>

**Definition of Contract**

A contract is an agreement, for consideration, between two or more parties. A contract arises when an offer is accepted.

Source & Authority: Virginia Model Jury Instruction No. 45.010.

## <u>DEFENDANT'S INSTRUCTION NO. 20</u>

**Contract Must Be Complete and Reasonably Certain**

A contract must be both complete and reasonably certain. It is complete if it includes all the essential terms. It is reasonably certain if all the essential terms are expressed in a clear and definite way.

Source & Authority: Virginia Model Jury Instruction No. 45.170

<u>**DEFENDANT'S INSTRUCTION NO. 21**</u>

**Intent**

Interpretation of a contract is primarily a determination of what the parties intended. In determining their intent, you should first consider the words they used.

Source & Authority: Virginia Model Jury Instruction No. 45.190

## <u>DEFENDANT'S INSTRUCTION NO. 22</u>

### Practical Construction

If you have doubt about the meaning of the terms of a contract, the conduct of the parties under the contract may furnish the proper interpretation. The interpretation by the parties is entitled to great weight. However, any interpretation suggested or supported by the acts of the parties must be reasonable and not in conflict with the actual terms of the contract.

Source & Authority: Virginia Model Jury Instruction No. 45.330

## DEFENDANT'S INSTRUCTION NO. 23

### Contract Construed as a Whole

The contract should be considered as a whole; no part of it should be ignored. The contract should be interpreted to give effect to each of its provisions. No word or phrase in a contract should be treated as meaningless if any meaning, which is reasonable and consistent with other parts of the contract, can be given to it.

Source & Authority: Virginia Model Jury Instruction No. 45.300

## <u>DEFENDANT'S INSTRUCTION NO. 24</u>

### Ordinary Meaning of Words

Words used by the parties should be given their ordinary, usual, and popular meaning, unless you find that the parties clearly intended such words to have another meaning.

Source & Authority: Virginia Model Jury Instruction No. 45.305

## DEFENDANT'S INSTRUCTION NO. 25

### Affirmative Defense

ProActive has asserted an affirmative defense in this matter. ProActive is entitled to judgment in its favor if it proves that defense. ProActive asserts that ATG materially breached the Memorandum of Understanding prior to termination, which is called the "First Material Breach" defense. I will explain this defense further.

Sources & Authority:  Va. Code § 13.1-1024.1; *Flippo v. CSC Assocs. III, L.L.C.*, 547 S.E.2d 216, 221–22 (Va. 2001); *Countryside Orthopaedics, P.C. v. Peyton*, 541 S.E.2d 279, 285 (Va. 2001).

**DEFENDANT'S INSTRUCTION NO. 26**

**First Material Breach**

ProActive contends that ATG materially breached the Memorandum of Understanding prior to termination. In general, a party who breaches a contract is not entitled to enforce the contract. This is commonly referred to the "First Material Breach" defense.  In order to prevail on this defense, ProActive must show that:

(1)     ATG breached the Memorandum of Understanding prior to termination; and

(2)     ATG's breach was material.

Source & Authority: *Countryside Orthopaedics, P.C. v. Peyton*, 541 S.E.2d 279, 285 (Va. 2001).

## DEFENDANT'S INSTRUCTION NO. 27

### Material Breach of Contract

A material breach of contract occurs if a party fails to do something which it is bound to do according to the contract which is so important and central to the contract that the failure defeats an essential purpose of the contract.

Source & Authority: Virginia Model Jury Instruction No. 45.400 (modified); *Countryside Orthopaedics, P.C. v. Peyton*, 541 S.E.2d 279, 285 (Va. 2001).

## <u>DEFENDANT'S INSTRUCTION NO. 28</u>

### 50% Rule

Federal Acquisition Regulation ("FAR") 52.219-14 imposes limitations on subcontracting for services. This is commonly referred to as the "50% Rule." The 50% Rule requires that at least 50% of the cost of contract performance incurred for personnel be expended for employees of the concern.

RAPTOR Training Services, LLC (RTS) is the "concern" referenced in FAR 52.219-14. Thus, 50% of the cost of personnel performing the services under the RAPTOR III Contract must be expended on employees of RAPTOR Training Services, LLC (RTS). Because RAPTOR Training Services is an unpopulated joint venture, the employees of the LLC members are used to calculate whether the 50% Rule was met. The cost of performance for personnel of subcontractors engaged by the prime contractor do not count toward meeting the 50% Rule requirement, even if the subcontractor is a small business. The cost of performance for personnel for entities that are affiliates of the prime contractor also do not count toward meeting the 50% Rule requirement, even if the affiliate is a small business. The performance of Oak Grove and F3EA personnel did not count toward the 50% Rule until they became members of RTS.

Source & Authority: FAR 52.219-14 Limitations on Subcontracting (Nov. 2011).

## DEFENDANT'S INSTRUCTION NO. 29

### Federal Acquisition Regulation

The Federal Acquisition Regulation ("FAR") prescribes a uniform format for federal contracts. Once a contract is executed, the clauses in the contract remain in effect for the entire term of the contract. Rule changes made after contract execution do no automatically apply to existing contracts. The new rule approved by the SBA in June 2016 had no effect on the 50% Rule in RTS's contract. The 50% Rule as I have explained it was in effect for the entire SOF RAPTOR III Contract period.

Sources & Authority: *Lockheed Aircraft Corp. v. United States*, 426 F.2d 322, 327–28 (Ct. Cl. 1970); *BearingPoint, Inc. v. United States*, 77 Fed. Cl. 189, 193–194 (Fed. Cl. 2007); FAR 1.108(d)(1); FAR 1.108(d)(3); FAR 43.103.

## DEFENDANT'S INSTRUCTION NO. 30

### Indefinite-Delivery, Indefinite Quantity Contract

The SOF Raptor III Contract is an IDIQ task order contract.

An indefinite-delivery, indefinite-quantity ("IDIQ") task order contract is a contract for a period of time that does not procure or specify a firm quantity of services (other than a minimum or maximum quantity) and provides for the issuance of orders for the performance of tasks during the period of the contracts.

Under an IDIQ contract, the government is not obligated to place any task order on the contract above the minimum amount. The government has complete discretion in deciding whether to issue specific task orders under an IDIQ contract. The government can decide to obtain those products or services under other existing contracts with other contractors.

Source & Authority: FAR 16.501-1; FAR 16.501-2

## DEFENDANT'S INSTRUCTION NO. 31

**Finding Instruction**

You shall find your verdict for ATG if it has proved by the greater weight of the evidence that:

(1)　　There was a contract between the parties; *and*

(2)　　ProActive breached the contract; *and*

(3)　　ProActive failed to prove its affirmative defense.


You shall find your verdict for ProActive if:

(1)　　ATG failed to prove there was a contract between the parties; *or*

(2)　　ATG failed to prove that ProActive breached the contract; *or*

(3)　　ProActive has proved by the greater weight of the evidence that ATG breached the contract prior to termination.

Source & Authority: Virginia Model Jury Instruction No. 45.6000 (modified)

## DEFENDANT'S INSTRUCTION NO. 32

### Nominal Damages

In this action, ATG is only seeking "nominal damages." Nominal damages are appropriate in breach of contract actions when there is a legal right to be vindicated against an invasion. Should you find your verdict for ATG, you shall award ATG nominal damages not to exceed one dollar ($1.00).

Source & Authority: *Carey v. Piphus*, 435 U.S. 247, 266–67 (1978); *Price v. City of Charlotte*, 93 F.3d 1241, 1246 (4th Cir. 1996); *Kerns v. Wells Fargo Bank, N.A.*, 818 S.E.2d 779, 785–86 (Va. 2018).

## DEFENDANT'S INSTRUCTION NO. 33

**Election of Foreperson; Duty to Deliberate, Communications with Court, Cautionary; Unanimous Verdict; Verdict Form**

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me— how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: [quote]]. You will take this form to the jury room, and when each of you

has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Source & Authority: Source & Authority: 3 Fed. Jury Prac. & Instr. § 103:50 (6th ed.).

## DEFENDANT'S INSTRUCTION NO. 34

### Duty to Deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case

Source & Authority: Source & Authority: 3 Fed. Jury Prac. & Instr. § 106:01 (6th ed.).

## DEFENDANT'S INSTRUCTION NO. 35

### Verdict Forms – Jury's Responsibility

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Source & Authority: Source & Authority: 3 Fed. Jury Prac. & Instr. § 106:07 (6th ed.).

# DEFENDANT'S INSTRUCTIONS
# - WITHOUT CITATIONS
### [Next Page]

**Preliminary Instructions to Jury at Beginning of Trial**

Members of the jury, in this case the plaintiff, Advanced Training Group Worldwide, Inc. (also called "ATG") has sued the defendant, ProActive Technologies, Inc. (also called "ProActive"), claiming nominal damages for breaching the terms of a contract, which in this case, is a document called a Memorandum of Understanding. Nominal damages are damages of $1.00, which is the maximum that can be awarded in this case.

The trial will proceed in four stages: (1) opening statements; (2) presentation of the evidence; (3) final argument; and (4) instructions for deliberations. You will then go to the jury room, select a foreperson, deliberate, and arrive at your verdict.

**Opening Statements**

The plaintiff's attorney may make an opening statement outlining the plaintiff's case. Then the defendant's attorney also may make an opening statement. Neither side is required to do so.

**Presentation of the Evidence**

Following the opening statements, the plaintiff will introduce evidence, after which the defendant then has the right to introduce evidence (but is not required to do so). Rebuttal evidence may then be introduced if appropriate.

**Final Argument**

Once the evidence has been presented, then the attorneys may make their closing arguments. The plaintiff's attorney will argue first, the defendant's attorney may reply, and the plaintiff's attorney may close in rebuttal.

**Instructions**

At the conclusion of closing arguments, I will instruct you on the law that is to be applied to this case, and on your deliberations.

Members of the jury, your function in the trial of this case is to reach a unanimous verdict that is based solely on the evidence and the instructions of law which you will be given after all the evidence has been presented. The law applicable to this case is given to you in these instructions and in the other instructions you will receive at the close of all evidence, and it is your duty to follow all such instructions.

No statement or ruling or remark that I may make during the course of the trial is intended to indicate my opinion as to what the facts are. It is the function of the jury to consider the evidence and determine the facts in this case.

The evidence that you are to consider consists of testimony of witnesses, any exhibits admitted into evidence, and any facts agreed upon between the parties and presented to you in the form of a stipulation. The admission of evidence in court is governed by rules of law. From time to time, it may be the duty of the attorneys to make objections, and it is my duty as judge to rule on those objections and decide whether or not you can consider certain evidence. You must not consider testimony or exhibits to which an objection was sustained or which has been ordered stricken. If an objection is overruled, then you may consider that evidence together with all other evidence in the case. The opening statements and closing arguments of the attorneys are intended to help you in understanding the evidence and in applying the law, but their statements are not evidence.

Each of you has been given a note pad to be used if you wish to take notes during the trial. Please write your name and nothing else on the first page of your note pad. At the end of the day, the bailiff will collect the note pads and no one will be permitted to read them. Any notes you take are only to help you remember and are not evidence. Do not let note taking interfere with watching and listening to the witnesses.

In your determination of what the facts are, you alone must determine the credibility of the witnesses and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case. You should not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper. You should use your common sense in considering the evidence, and you may draw reasonable inferences from that evidence; but in doing so, you should not indulge in guesswork or speculation. From consideration of these things and all the other circumstances of the case, you should determine which witnesses are more believable and weigh their testimony accordingly. Until this case is submitted to you for your deliberations, you should not decide any issue in the case, and you should not discuss the case with anyone or remain within hearing of anyone who is discussing it. There will be occasional recesses during the trial. During the recesses, you should not discuss the case with your fellow jurors or go to the scene or make any independent investigation or receive any information about the case from radio, television, or the newspapers. Once your deliberations commence, then you must discuss the case only in the jury room when all the members of the jury are present.

Do not attempt at any time prior to the conclusion of the case to research any fact, issue, or law related to this case, whether by discussion with others, by research in a library or on the Internet, or by any other means or source. You must not use Internet maps, or any other program or device to search for and view any location discussed in the testimony. You must not search for any information about the case, or the law which applies to the case, or the people involved in the

case, including the parties, the witnesses, the lawyers, or the judge. You must not communicate with anyone about the case by any other means, including by telephone, text messages, email, internet chat or chat rooms, blogs, or social web sites. I expect you will inform me if you become aware of another juror's violation of these instructions.

Just prior to your deliberations, you will be given final instructions with regard to your selection of a foreperson, the conduct of your deliberations, and the forms for your verdict.

Finally, because of the Covid-19 emergency, extra precautions have been taken by the court for the safety of trial participants and the jury. During the trial, all persons who are not fully vaccinated are required to wear masks and maintain social distancing whenever possible. Attorneys and witnesses who are not fully vaccinated will occasionally be permitted to remove masks when it becomes necessary to speak with clarity or ensure proper recording of proceedings. You may also see the use of plexiglass or shields to prevent potential exposure to the Covid-19 virus. The fact that the court is taking safety precautions during the trial should not be held against any party, nor should you draw any inference regarding the health of any individual involved in the trial. All persons who enter the court, including attorneys, litigants, and jurors, are subject to the same screening protocol, including the provision of information about their health, and a temperature check.

If during the course of the trial you become ill, or experience fever of at least 100 degrees Fahrenheit, you should notify the court immediately. If you experience symptoms while at home, or are exposed to another person who has tested positive for Covid-19 (even though you may be asymptomatic), please contact my chambers and await further instructions before you return to the courthouse.

The faithful and proper performance by you of your duty is vital to the administration of justice. On behalf of the court and the litigants, we appreciate your giving your complete attention to the case as it is presented.

Source & Authority:   Virginia Model Jury Instruction 2.000 (modified)

## Brief Instructions To Jury Before Closing in Civil Case

The record will reflect that all members of the jury are present, the parties are present, we are ready to proceed.

Ladies and gentlemen of the jury, all of the evidence is now in, and we are ready for the closing arguments.

This is a civil action, and the burden is on the plaintiff in a civil action to prove the case by a preponderance of the evidence, by the greater weight of the evidence.

Since the burden of proof is on the plaintiff, under our system of juris prudence, the plaintiff will have the right to open and close the arguments. So, you will first listen to the plaintiff, then you will listen to counsel for the defendants, and then since the burden of proof is on the plaintiff, the plaintiff will have the right to present the final closing argument.

You will recall, that I told you at the very beginning of this trial, that neither the opening statements nor the closing arguments are evidence in the case, and must not be considered by you as such. But they are made now to assist you in evaluating the evidence and applying the law.

Source & Authority:   http://www.vawd.uscourts.gov/judges/judge-sargent/jury-instructions.aspx
(last visited June 30, 2021)

## DEFENDANT'S INSTRUCTION NO. 1

### Role of the Jury

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## <u>DEFENDANT'S INSTRUCTION NO. 2</u>

**All Persons Equal before the Law – Organizations**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including corporations, limited liability companies, and other organizations stand equal before the law, and are to be treated as equals, regardless of their respective size.

## DEFENDANT'S INSTRUCTION NO. 3

### Burden of Proof

ATG has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If ATG should fail to establish any essential element of it's claim by a preponderance of the evidence, you should find for ProActive as to that claim.

The defendant has the burden of establishing the essential elements of their affirmative defense. I will explain this later.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## DEFENDANT'S INSTRUCTION NO. 4

### Evidence

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

## DEFENDANT'S INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## DEFENDANT'S INSTRUCTION NO. 6

**Court's Comments Not Evidence**

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

## <u>DEFENDANT'S INSTRUCTION NO. 7</u>

**Verdict Not to Be Based on Sympathy, Bias, Guesswork, or Speculation**

You must not base your verdict in any way upon sympathy, bias, guesswork, or speculation. Your verdict must be based solely upon the evidence and instructions of the court.

## DEFENDANT'S INSTRUCTION NO. 8

### Credibility of Witnesses

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

## DEFENDANT'S INSTRUCTION NO. 9

### Adverse Witness

The plaintiff called the defendant as an adverse witness. The plaintiff is bound by as much of the defendant's testimony given as an adverse witness as is clear, logical, reasonable, and uncontradicted.

The plaintiff is not bound by any of the defendant's testimony given as an adverse witness that conflicts with any of the other evidence in the case.

## DEFENDANT'S INSTRUCTION NO. 10

### Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's is outweighed by other evidence, you may disregard the opinion entirely.

## DEFENDANT'S INSTRUCTION NO. 11

### Use of Depositions as Evidence

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

## DEFENDANT'S INSTRUCTION NO. 12

### Impeachment—Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## <u>DEFENDANT'S INSTRUCTION NO. 13</u>

**Effect of Prior Inconsistent Statements or Conduct**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## DEFENDANT'S INSTRUCTION NO. 14

### Answers to Interrogatories

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

## <u>DEFENDANT'S INSTRUCTION NO. 15</u>

### Inferences

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## DEFENDANT'S INSTRUCTION NO. 16

### Limited Liability Company and Definitions

A Virginia limited liability company, or LLC, is an unincorporated organization that is organized and existing under Virginia's Limited Liability Company Act. In this case, ProActive and ATG were members of Raptor Training Services, LLC ("RTS"), which is a Virginia LLC. Because RTS is a Virginia LLC, certain laws and definitions contained in the Virginia LLC Act are applicable to the issues in this case.

A "member" is a person that has been admitted to membership in an LLC and that has not ceased to be a member.

A "manager" means a person designated by the members of an LLC to manage the LLC as provided in the operating agreement.

An "operating agreement" means an agreement of the members as to the affairs of a limited liability company and the conduct of its business.

## DEFENDANT'S INSTRUCTION NO. 17

### Management of Limited Liability Company

Except as otherwise provided in an operating agreement, the Virginia LLC Act provides that an LLC is managed by its members, who vote in proportion to the member's percentage interest in the LLC.

A majority vote of the members of an LLC shall consist of the vote or other approval of members having a majority share of the voting power of all members. Unless otherwise provided in an operating agreement, any action required or permitted to be taken by the members of a limited liability company may be taken upon a majority vote of the members.

In Raptor Training Services LLC, at all times Proactive has held the majority of the voting and membership interests and has served as the Managing Member.

## DEFENDANT'S INSTRUCTION NO. 18

### Dissociation or Expulsion from LLC

Under Virginia law, a member of an LLC may be dissociated or expelled from the LLC under certain circumstances.

"Disassociation" is the process by which a member stops being a member of an LLC. A member may be dissociated from an LLC by the occurrence of an event agreed upon in the LLC operating agreement as causing that member's dissociation or termination.

"Expulsion" is the act of depriving a member of an LLC of its right to membership. A member may be expelled from an LLC pursuant to the terms of the LLC operating agreement.

## DEFENDANT'S INSTRUCTION NO. 19

### Definition of Contract

A contract is an agreement, for consideration, between two or more parties. A contract arises when an offer is accepted.

## <u>DEFENDANT'S INSTRUCTION NO. 20</u>

### Contract Must Be Complete and Reasonably Certain

A contract must be both complete and reasonably certain. It is complete if it includes all the essential terms. It is reasonably certain if all the essential terms are expressed in a clear and definite way.

## DEFENDANT'S INSTRUCTION NO. 21

### Intent

Interpretation of a contract is primarily a determination of what the parties intended. In determining their intent, you should first consider the words they used.

## DEFENDANT'S INSTRUCTION NO. 22

### Practical Construction

If you have doubt about the meaning of the terms of a contract, the conduct of the parties under the contract may furnish the proper interpretation. The interpretation by the parties is entitled to great weight. However, any interpretation suggested or supported by the acts of the parties must be reasonable and not in conflict with the actual terms of the contract.

<u>**DEFENDANT'S INSTRUCTION NO. 23**</u>

**Contract Construed as a Whole**

The contract should be considered as a whole; no part of it should be ignored. The contract should be interpreted to give effect to each of its provisions. No word or phrase in a contract should be treated as meaningless if any meaning, which is reasonable and consistent with other parts of the contract, can be given to it.

## DEFENDANT'S INSTRUCTION NO. 24

### Ordinary Meaning of Words

Words used by the parties should be given their ordinary, usual, and popular meaning, unless you find that the parties clearly intended such words to have another meaning.

## DEFENDANT'S INSTRUCTION NO. 25

### Affirmative Defense

ProActive has asserted an affirmative defense in this matter. ProActive is entitled to judgment in its favor if it proves that defense. ProActive asserts that ATG materially breached the Memorandum of Understanding prior to termination, which is called the "First Material Breach" defense. I will explain this defense further.

<u>**DEFENDANT'S INSTRUCTION NO. 26**</u>

**First Material Breach**

ProActive contends that ATG materially breached the Memorandum of Understanding prior to termination. In general, a party who breaches a contract is not entitled to enforce the contract. This is commonly referred to the "First Material Breach" defense.  In order to prevail on this defense, ProActive must show that:

(3)     ATG breached the Memorandum of Understanding prior to termination; and

(4)     ATG's breach was material.

<u>**DEFENDANT'S INSTRUCTION NO. 27**</u>

**Material Breach of Contract**

A material breach of contract occurs if a party fails to do something which it is bound to do according to the contract which is so important and central to the contract that the failure defeats an essential purpose of the contract.

## DEFENDANT'S INSTRUCTION NO. 28

### 50% Rule

Federal Acquisition Regulation ("FAR") 52.219-14 imposes limitations on subcontracting for services. This is commonly referred to as the "50% Rule." The 50% Rule requires that at least 50% of the cost of contract performance incurred for personnel be expended for employees of the concern.

RAPTOR Training Services, LLC (RTS) is the "concern" referenced in FAR 52.219-14. Thus, 50% of the cost of personnel performing the services under the RAPTOR III Contract must be expended on employees of RAPTOR Training Services, LLC (RTS). Because RAPTOR Training Services is an unpopulated joint venture, the employees of the LLC members are used to calculate whether the 50% Rule was met. The cost of performance for personnel of subcontractors engaged by the prime contractor do not count toward meeting the 50% Rule requirement, even if the subcontractor is a small business. The cost of performance for personnel for entities that are affiliates of the prime contractor also do not count toward meeting the 50% Rule requirement, even if the affiliate is a small business. The performance of Oak Grove and F3EA personnel did not count toward the 50% Rule until they became members of RTS.

## DEFENDANT'S INSTRUCTION NO. 29

### Federal Acquisition Regulation

The Federal Acquisition Regulation ("FAR") prescribes a uniform format for federal contracts. Once a contract is executed, the clauses in the contract remain in effect for the entire term of the contract. Rule changes made after contract execution do no automatically apply to existing contracts. The new rule approved by the SBA in June 2016 had no effect on the 50% Rule in RTS's contract. The 50% Rule as I have explained it was in effect for the entire SOF RAPTOR III Contract period.

**DEFENDANT'S INSTRUCTION NO. 30**

**Indefinite-Delivery, Indefinite Quantity Contract**

The SOF Raptor III Contract is an IDIQ task order contract.

An indefinite-delivery, indefinite-quantity ("IDIQ") task order contract is a contract for a period of time that does not procure or specify a firm quantity of services (other than a minimum or maximum quantity) and provides for the issuance of orders for the performance of tasks during the period of the contracts.

Under an IDIQ contract, the government is not obligated to place any task order on the contract above the minimum amount. The government has complete discretion in deciding whether to issue specific task orders under an IDIQ contract. The government can decide to obtain those products or services under other existing contracts with other contractors.

**<u>DEFENDANT'S INSTRUCTION NO. 31</u>**

**Finding Instruction**

You shall find your verdict for ATG if it has proved by the greater weight of the evidence that:

(1)   There was a contract between the parties; *and*

(2)   ProActive breached the contract; *and*

(3)   ProActive failed to prove its affirmative defense.


You shall find your verdict for ProActive if:

(3)   ATG failed to prove there was a contract between the parties; *or*

(4)   ATG failed to prove that ProActive breached the contract; *or*

(3)   ProActive has proved by the greater weight of the evidence that ATG breached the contract prior to termination.

## <u>DEFENDANT'S INSTRUCTION NO. 32</u>

### Nominal Damages

In this action, ATG is only seeking "nominal damages." Nominal damages are appropriate in breach of contract actions when there is a legal right to be vindicated against an invasion. Should you find your verdict for ATG, you shall award ATG nominal damages not to exceed one dollar ($1.00).

## DEFENDANT'S INSTRUCTION NO. 33

**Election of Foreperson; Duty to Deliberate, Communications with Court, Cautionary; Unanimous Verdict; Verdict Form**

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: [quote]]. You will take this form to the jury room, and when each of you

has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the

marshal or bailiff that you are ready to return to the courtroom.

## DEFENDANT'S INSTRUCTION NO. 34

### Duty to Deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case

## DEFENDANT'S INSTRUCTION NO. 35

### Verdict Forms – Jury's Responsibility

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.