UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **ADVANCED TRAINING GROUP WORLDWIDE, INC.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  1:19-cv-00505-TSE-TCB |
| | ) | |
| **PROACTIVE TECHNOLOGIES, INC.** | ) | |
| | ) | |
| Defendant. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

## <u>PLAINTIFF'S AMENDED REQUESTED JURY INSTRUCTIONS</u>

Pursuant to Federal Rule of Civil Procedure 51 and this Court's Order dated April 17, 2020

[D.E. No. 253], Advanced Training Group Worldwide, Inc. ("ATG" or "Plaintiff"), respectfully

requests the Court to include in its charge to the Jury the following general and special instructions,

and further reserves the right to file any other such instructions as may become appropriate during

the course of trial.

DATED:   June 30, 2021          Respectfully Submitted,

ADVANCED TRAINING GROUP WORLDWIDE, INC.,
Plaintiff, *By and Through Counsel:*

**WHITCOMB, SELINSKY, PC**

By:    _____/s/_____

DAVID T. LONG JR. (VSB No. 89870)
JOSEPH A. WHITCOMB, *Pro Hac Vice*
ARRON B. NESBITT, *Pro Hac Vice*
2000 S. Colorado Blvd. Tower One, Suite 9500
Denver, CO 80222
[T](303)534-1958; [F](303)534-1949
joe@whitcomblawpc.com
arron@whitcomblawpc.com
david@whitcomblawpc.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June 2021, I have electronically filed the foregoing "PLAINTIFF'S REQUESTED JURY INSTRUCTIONS" with the Clerk of Court using the CM/EMF system, thereby providing notification of such filing (NEF) to the following counsel of record:

Jeffrey S. Poretz, VSB No. 38529
Laura Golden Liff, VSB No. 80618
C. Peter Dungan, *Pro Hac Vice*
Rachel T. McGuckian, *Pro Hac Vice*
MILES & STOCKBRIDGE, PC
1751 Pinnacle Drive, Suite 1500
Tysons Corner, VA 22102
[T] (703)610-8651; [F] (703)610-8686
jporetz@milesstockbridge.com
lliff@milesstockbridge.com
pdungan@milesstockbridge.com
rmcquckian@milesstockbridge.com
*Counsel for Defendant*

By: /s/ David T. Long Jr.
DAVID T. LONG JR. (VSB # .89870)

## **TABLE OF CONTENTS**

GENERAL INSTRUCTIONS ............................................................................................................ 1

INSTRUCTION NO. 1 ................................................................................................................... 2

INSTRUCTION NO. 2 ................................................................................................................... 5

INSTRUCTION NO. 3 ................................................................................................................... 6

INSTRUCTION NO. 4 ................................................................................................................... 7

INSTRUCTION NO. 5 ................................................................................................................... 8

INSTRUCTION NO. 6 ................................................................................................................... 9

INSTRUCTION NO. 7 ................................................................................................................. 10

INSTRUCTION NO. 8 ................................................................................................................. 11

INSTRUCTION NO. 9 ................................................................................................................. 12

INSTRUCTION NO. 10 ............................................................................................................... 13

INSTRUCTION NO. 11 ............................................................................................................... 14

INSTRUCTION NO. 12 ............................................................................................................... 15

INSTRUCTION NO. 13 ............................................................................................................... 17

INSTRUCTION NO. 14 ............................................................................................................... 18

INSTRUCTION NO. 15 ............................................................................................................... 19

INSTRUCTION NO. 16 ............................................................................................................... 20

INSTRUCTION NO. 17 ............................................................................................................... 21

INSTRUCTION NO. 18 ............................................................................................................... 22

INSTRUCTION NO. 19 ............................................................................................................... 23

INSTRUCTION NO. 20 ............................................................................................................... 24

INSTRUCTION NO. 21 ............................................................................................................... 25

INSTRUCTION NO. 22 ............................................................................................................... 26

INSTRUCTION NO. 23 ............................................................................................................... 27

INSTRUCTION NO. 24 ............................................................................................................... 28

INSTRUCTION NO. 25 ............................................................................................................... 29

INSTRUCTION NO. 26 ............................................................................................................... 30

INSTRUCTION NO. 27 ............................................................................................................... 31

INSTRUCTION NO. 28 ............................................................................................................... 33

INSTRUCTION NO. 29 ............................................................................................................... 34

INSTRUCTION NO. 30 ............................................................................................................... 35

INSTRUCTION NO. 31 ........................................................................................................... 36

INSTRUCTION NO. 32 ........................................................................................................... 37

INSTRUCTION NO. 33 ........................................................................................................... 38

INSTRUCTION NO. 34 ........................................................................................................... 39

INSTRUCTION NO. 35 ........................................................................................................... 40

INSTRUCTION NO. 36 ........................................................................................................... 42

INSTRUCTION NO. 37 ........................................................................................................... 44

INSTRUCTION NO. 38 ........................................................................................................... 45

INSTRUCTION NO. 49 ........................................................................................................... 46

INSTRUCTION NO. 40 ........................................................................................................... 47

INSTRUCTION NO. 41 ........................................................................................................... 48

INSTRUCTION NO. 42 ........................................................................................................... 49

INSTRUCTION NO. 43 ........................................................................................................... 50

INSTRUCTION NO. 44 ........................................................................................................... 51

INSTRUCTION NO. 45 ........................................................................................................... 54

INSTRUCTION NO. 46 ........................................................................................................... 55

INSTRUCTION NO. 47 ........................................................................................................... 56

INSTRUCTION NO. 48 ........................................................................................................... 57

INSTRUCTION NO. 48 ........................................................................................................... 58

INSTRUCTION NO. 49 ........................................................................................................... 59

INSTRUCTION NO. 50 ........................................................................................................... 60

INSTRUCTION NO. 51 ........................................................................................................... 61

INSTRUCTION NO. 52 ........................................................................................................... 62

INSTRUCTION NO. 53 ........................................................................................................... 63

INSTRUCTION NO. 54 ........................................................................................................... 64

INSTRUCTION NO. 55 ........................................................................................................... 65

INSTRUCTION NO. 56 ........................................................................................................... 66

INSTRUCTION NO. 57 ........................................................................................................... 67

INSTRUCTION NO. 58 ........................................................................................................... 69

## __GENERAL INSTRUCTIONS__

The plaintiff hereby requests the Court to include in its instructions to the Jury the following general instructions found in *Federal Jury Practice and Instructions – Civil* (6th ed updated through February 2020) – General Instructions for Federal Civil Cases.

**INSTRUCTION NO. 1**
Opening Instruction

**Introduction**

Members of the Jury,

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff.  In this action, the plaintiff is Advanced Training Group Worldwide, Inc.  The party being sued is called the defendant.  In this action, the defendant is Pro-Active Technologies, Inc.

You will sometimes hear me refer to "counsel."  "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the

trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or a lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly, they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should

remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:01 (6th ed. through February 2020).

4

**INSTRUCTION NO. 2**
**Order of Trial**

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff Advanced Training Group Worldwide, Inc. will present evidence in support of plaintiff's claims and the defendant's lawyer may cross-examine the witnesses. At the conclusion of the plaintiff's case, the defendant Pro-Active Technologies, Inc. may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses. The defendant is not required to introduce any evidence or to call any witnesses. If the defendant introduces evidence, the plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:02 (6th ed. through February 2020).

**INSTRUCTION NO. 3**
**Claims**

The positions of the parties can be summarized as follows:

Plaintiff Advanced Training Group Worldwide, Inc. claims that the defendant Pro-Active

Technologies, Inc. breached the contract between the two companies.

Defendant Pro-Active Technologies, Inc. denies those claims.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:03
(6th ed. through February 2020).

## INSTRUCTION NO. 4
## Province of Judge and Jury

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you must accept that the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:10 (6th ed. through February 2020).

### INSTRUCTION NO. 5
### Jury Conduct

To insure fairness, you must obey the following rules:

1.     Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.     Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3.     Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.     During the trial you should not talk with or speak to any of the parties lawyers or witnesses involved in this case – you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.     Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.     Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7.     Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.     If you need to tell me something, simply give a signed note to the bailiff/clerk to give to me.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:11 (6th ed. through February 2020).

**INSTRUCTION NO. 6**
**Juror Use of Electronic Technology – Before Trial**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information form any source outside of the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the Internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, My Space, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:13 (6th ed. through February 2020).

**INSTRUCTION NO. 7**
**Notetaking - Permitted**

During this trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

Source & Authority: O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:15 (6th ed. through February 2020).

**ALTERNATELY**
**Notetaking – Prohibited**

I do not believe it would be useful or helpful for you to take notes during the trial. Taking notes may distract you so that you cannot give attention to all the testimony. Please do not take any notes while you are in the courtroom.

Source & Authority: O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:16 (6th ed. through February 2020).

10

**INSTRUCTION NO. 8**
**Questions by Jurors – Prohibited**

I do not permit jurors to ask questions of witnesses or of the lawyers.  Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:18 (6th ed. through February 2020).

## INSTRUCTION NO. 9
### Publicity During Trial

If there is publicity about this trial, you must ignore it. Do not read anything or listen to any television or radio programs about the case. You must decide this case only from the evidence presented in the trial.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:21 (6th ed. through February 2020).

## INSTRUCTION NO. 10
## Judge's Questions to Witnesses

During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.

During the trial, I may sometimes ask a witness questions. Please do not think I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or harm another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, §§ 101:30 and 102:72 (6th ed. through February 2020).

13

## INSTRUCTION NO. 11
### Bench Conferences

From time to time it may be necessary for me to talk to the lawyers out of your hearing.

The purposes of these conferences is to decide how certain matters are to be treated under the rules

of evidence. The lawyers and I will do what we can to limit the number and length of these

conferences.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:31
(6th ed. through February 2020).

## INSTRUCTION NO. 12
## Evidence in the Case

The evidence in the case will consist of the following:

1.      The sworn testimony of the witnesses, no matter who called a witness.

2.      All exhibits received in evidence, regardless of who may have produced the exhibits.

3.      All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to

15

what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:40 (6th ed. through February 2020).

## INSTRUCTION NO. 13
### Burden of Proof

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should based your decision on all of the evidence, regardless of which party presented it.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:41 (6th ed. through February 2020).

**<u>INSTRUCTION NO. 14</u>**
**<u>Direct and Circumstantial Evidence</u>**

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:42 (6th ed. through February 2020).

18

**INSTRUCTION NO. 15**
**Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:43 (6th ed. through February 2020).

## INSTRUCTION NO. 16
## What Is Not Evidence

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:44 (6th ed. through February 2020).

## INSTRUCTION NO. 17
## Ruling On Objections

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side believes the question or exhibit is not admissible under the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 101:49 (6th ed. through February 2020).

21

## INSTRUCTION NO. 18
## Judge's Comments to Lawyer

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side I may caution or warn during the trial.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 102:70 (6th ed. through February 2020).

**INSTRUCTION NO. 19**
**Objections and Rulings**

Testimony and exhibits may be admitted into evidence during a trial only if they meet certain criteria or standards. It is a lawyer's the duty to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 102:71 (6th ed. through February 2020).

**INSTRUCTION NO. 20**
**Judge's Comments on Certain Evidence**

The law permits a federal judge to comment to the jury on the evidence in a case. These comments are only expressions of my opinion as to the facts and you may disregard them entirely. You are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow my instructions about the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in this case.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 102:73 (6th ed. through February 2020).

24

**INSTRUCTION NO. 21**
**Verdict Not to Be Based on Sympathy, Bias, Guesswork, or Speculation**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 103.01 (6th ed. through February 2020).

## INSTRUCTION NO. 22
## Instructions Apply to Each Party

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 103.10 (6th ed. through February 2020).

## INSTRUCTION NO. 23
## All Persons Equal Before the Law - Organizations

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations stand equal before the law, and are to be treated as equals.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 103.12 (6th ed. through February 2020).

27

## INSTRUCTION NO. 24
## Evidence in the Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to *[and all facts and events that may have been judicially noticed]*.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

[*I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, unless otherwise instructed you must accept my declaration as evidence and regard as proved the fact or event that has been judicially noticed.*]

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 103.30 (6th ed. through February 2020).

## INSTRUCTION NO. 25
## Court's Comments Not Evidence

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 103.33 (6th ed. through February 2020).

### INSTRUCTION NO. 26
### Questions Not Evidence

If a lawyer asks a witness a question containing an assertion of fact, you may not consider

the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 103.34
(6th ed. through February 2020).

30

**INSTRUCTION NO. 27**
**Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary;**
**Unanimous Verdict; Verdict Form**

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me— how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. *[The form reads: [quote]]*. You will take this form to the jury room, and when each of you

31

has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Source & Authority:  'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 103.50 (6th ed. through February 2020).

## <u>INSTRUCTION NO. 28</u>
### <u>Preponderance of the Evidence</u>

Plaintiff Advanced Training Group Worldwide, Inc. has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. <u>In turn, the Defendant has the burden to prove every essential element of its affirmative defenses.</u> If plaintiff Advanced Training Group Worldwide, Inc. should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant Pro-Active Technologies, Inc. as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

*You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.*

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 104.01 (6th ed. through February 2020). Modified.

### INSTRUCTION NO. 29
### Burden of Proof Where Some Jurors Have Served on Jury In Criminal Case

Those of you who have participated in criminal cases will have heard of "proof beyond a reasonable doubt." The standard of proof in a criminal case is a stricter standard, requiring more proof than a preponderance of evidence *[or the clear and convincing standard]*. The reasonable doubt standard does not apply to a civil case and you should put that standard out of your mind.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 104.03 (6th ed. through February 2020).

34

**INSTRUCTION NO. 30**
**"If You Find" or "If You Decide"**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 104.04 (6th ed. through February 2020).

## INSTRUCTION NO. 31
### Inferences

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 104.20 (6th ed. through February 2020).

## **INSTRUCTION NO. 32**
## **Failure to Call Available Witness**

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 104.25 (6th ed. through February 2020).

## INSTRUCTION NO. 33
## Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's is outweighed by other evidence, you may disregard the opinion entirely.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 104.40 (6th ed. through February 2020).

## INSTRUCTION NO. 34
### Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 104.54 (6th ed. through February 2020).

39

**INSTRUCTION NO. 35**
**Evidence in Electronic Format**

Exhibits received in evidence capable of being displayed electronically will be provided to you in that form. You will be able to view them in the jury room. Necessary equipment will be available to you in the jury room.

A court technician will show you how to operate the equipment; how to locate and view the exhibits on the equipment. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the *[clerk] [bailiff]*. If you need additional equipment or supplies or if you have questions about how to operate the equipment, you may send a note to the *[clerk] [bailiff]*, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires maintenance or instruction, a court technician may enter the jury room with *[the clerk] [the bailiff]* present for the sole purpose of assuring that the only matter discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury must not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operating the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the equipment in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the equipment for any other purpose. At my direction, technicians have taken steps to ensure that the equipment does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the equipment to obtain access to such materials. If you discover that the equipment provides or allows access to such materials, you must inform the court immediately and

40

refrain from viewing such materials.

Do not remove the equipment or any electronic data *[disk]* from the jury room, and do not copy any such data.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 104.55 (6th ed. through February 2020).

**INSTRUCTION NO. 36**
**Discrepancies in Testimony**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

42

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 105.01 (6th ed. through February 2020).

**INSTRUCTION NO. 37**
**Use of Depositions as Evidence**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 105.02 (6th ed. through February 2020).

## INSTRUCTION NO. 38
## Impeachment – Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 105.04 (6th ed. through February 2020).

### INSTRUCTION NO. 49
### Effect of Prior Inconsistent Statements or Conduct

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 105.09 (6th ed. through February 2020).

## INSTRUCTION NO. 40
## Duty to Deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 106.01 (6th ed. through February 2020).

47

## <u>INSTRUCTION NO. 41</u>
### <u>Election of Foreperson – General Verdict</u>

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

Verdict forms have been prepared for your convenience.*[Read forms of verdict]*.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 106.04 (6th ed. through February 2020).

**INSTRUCTION NO. 42**
**Verdict Forms – Jury's Responsibility**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 106.07 (6th ed. through February 2020).

## <u>INSTRUCTION NO. 43</u>
## <u>Communications between Court and Jury during Jury's Deliberations</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 106.08 (6th ed. through February 2020).

## INSTRUCTION NO. 44
## Additional Instruction – When Jurors Fail Seasonably to Agree

I have a few thoughts for you to consider in your deliberations. You should consider these thoughts along with the evidence received during the trial and all the instructions previously given to you.

This is an important case. The trial has been expensive in terms of time, effort, and money to both the defense and the plaintiff. If you should fail to agree on a verdict, the case is left open and undecided. Like all cases, it must be disposed of at some time. A second trial would be costly to both sides. There does not appear any reason to believe the case can be tried again, by either side, better or more in more detail than it was tried before you.

Any future jury would be selected in the same manner and from the same source as you were chosen. There appears no reason to believe that the case could ever be submitted to *[number]* people more conscientious, more impartial, or more competent to decide it or that more or clearer evidence could be produced on behalf of either side.

These concepts are clear to all who have participated in this trial. The only reason I this mention these facts now is because some of the facts may have escaped your attention while you have been fully occupied in reviewing the evidence in the case in the light of the instructions with your fellow jurors. These are all matters reminding us how desirable it is that you unanimously agree upon a verdict.

As stated in the instructions given at the time the case was first submitted to you for decision, you should not surrender your honest beliefs as to the weight or effect of evidence solely because of the opinion of other jurors or for the mere purpose of returning a unanimous verdict. However, it is your duty as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violating individual judgment. Each of you must

decide the case for yourself, but you should do so only after a consideration of the evidence in the case with your fellow jurors. In the course of your deliberations you should not hesitate to reexamine your own views and change your opinion if convinced it is erroneous.

In order to bring *[number]* minds to a unanimous result you must examine the questions submitted to you with candor and frankness and with proper deference to and regard for the opinions of each other. In conferring together, each of you should pay due attention and respect to the views of the others and listen to each other's arguments for the purpose of reexamining your own views.

You are not partisans. You are judges—judges of the facts. Your sole interest here is to determine whether the plaintiff has proven each essential element of each claim concerning the defendant by a preponderance of the evidence. You are the exclusive judges of the credibility of all the witnesses and of the weight and effect of all the evidence.

At all times no juror is expected to yield a conscientious belief the juror may have as to the weight or effect of evidence. Remember that, after full deliberation and consideration of all the evidence in the case, it is your duty to agree upon a verdict if you can do so without violating your individual judgment and your conscience.

You may conduct your deliberations as you choose, but I suggest you carefully reexamine and reconsider all the evidence in the case bearing upon the questions before you in the light of the Court's instructions on the law.

You may be as leisurely in your deliberations as the occasion may require and you may take all the time you may feel is necessary.

You may now return to the jury room and continue your deliberations in such manner as shall be determined by your good and conscientious judgment as reasonable men and women.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 106.10 (6th ed. through February 2020).

**INSTRUCTION NO. 45**
**Elements of Contract Formation**

A contract is a promise or set of promises for the breach of which the law gives a remedy or the performance of which the law in some way recognizes a duty. To be binding, a contract must include a manifestation of mutual assent to the terms and conditions of the contract. This is referred to as the "meeting of the minds." There must be a meeting of the minds; there can be no contract if only one party intends to be bound.

Because intent, including intent to be bound, is seldom susceptible to direct proof as it relates to a person's state of mind, the law presumes that a person intends the natural and probable consequences of that person's acts. The meeting of the minds or the mutual manifestation of intent may be made wholly or partly by written or spoken words or by other acts or conduct, and an internal or unexpressed intention not to be bound is ineffective.

In determining whether there was any contract, you must decide whether or not there was a meeting of the minds between the parties with respect to the terms of the alleged oral agreement and a present intention to be bound.

Source & Authority:  O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 126.01 (6th ed. through February 2020).

# INSTRUCTION NO. 46
## Adverse Witness

The plaintiff called the defendant as an adverse witness. The plaintiff is bound by as much of the defendant's testimony given as an adverse witness as is clear, logical, reasonable, and uncontradicted.

The plaintiff is not bound by any of the defendant's testimony given as an adverse witness that conflicts with any of the other evidence in the case.

Source & Authority:  *Virginia Model Jury Instructions*, No. 2.030.

**INSTRUCTION NO. 47**
**Definition of Business Joint Venture**

When two or more persons join in a business enterprise for their mutual benefit with an understanding that they are to share in the profits or losses, then each is to have a right to control or manage.

Source & Authority:  *Virginia Model Jury Instructions*, No. 8.120.  Modified.

**INSTRUCTION NO. 48**
**Joint Enterprise: Right of Control**

The right to have a voice in the operation and control of the enterprise or activity must result from the circumstances, purpose, and nature of the joint undertaking, and not merely from a social act of courtesy.

Source & Authority: *Virginia Model Jury Instructions*, No. 8.140.

57

**INSTRUCTION NO. 48**
**Definition of Material Fact**

A material fact is one which influences a person to act or not to act.

Source & Authority:  *Virginia Model Jury Instructions*, No. 39.020.

**INSTRUCTION NO. 49**
**Issues and Burden of Proof**

Your verdict must be based on the facts as you find them and, on the law, contained in all of these instructions.

The issues in this case are:

(1)      Was there a contract between the parties?

(2)      If there was, did Pro-Active Technologies, Inc. breach it?

On these issues Advanced Training Group Worldwide, Inc. has the burden of proof.

Your decisions on these issues must be governed by the instructions that follow.

Source & Authority:  *Virginia Model Jury Instructions*, No. 45.000.

## INSTRUCTION NO. 50
## Intent

Interpretation of a contract is primarily a determination of what the parties intended. In determining their intent, you should first consider the words they used.

Source & Authority:  *Virginia Model Jury Instructions*, No. 45.190.

**INSTRUCTION NO. 51**
**Contract Construed as a Whole**

The contract should be considered as a whole; no part of it should be ignored. The contract should be interpreted to give effect to each of its provisions. No word or phrase in a contract should be treated as meaningless if any meaning which is reasonable and consistent with other parts of the contract can be given to it.

Source & Authority: *Virginia Model Jury Instructions*, No. 45.300.

**INSTRUCTION NO. 52**
**Ordinary Meaning of Words**

Words used by the parties should be given their ordinary, usual, and popular meaning,

unless you find that the parties clearly intended such words to have another meaning.

Source & Authority:  *Virginia Model Jury Instructions*, No. 45.305.

**INSTRUCTION NO. 53**
**Construction Against the Drafter**

In interpreting a contract, you should resolve any doubts about the meaning of a word or phrase against the party who prepared; supplied; inserted the language in; used the language in the contract.

You are to find that the Defendant, ProActive, drafted the Memorandum of Understanding, which is the contract at issue in this case.

Source & Authority:  *Virginia Model Jury Instructions*, No. 45.310. (Modified)

**INSTRUCTION NO. 54**
**Practical Construction by the Parties**

If you have doubt about the meaning of the terms of a contract, the conduct of the parties

under the contract may furnish the proper interpretation. The interpretation by the parties is entitled

to great weight.  However, any interpretation suggested or supported by the acts of the parties must

be reasonable and not in conflict with the actual terms of the contract.

Source & Authority:  *Virginia Model Jury Instructions*, No. 45.330.

**INSTRUCTION NO. 55**
**Material Breach of Contract**

A material breach of contract occurs if a party failed to do something which he is bound to do according to the contract which is so important and central to the contract that the failure defeats the very purpose of the contract.

Source & Authority:  *Virginia Model Jury Instructions*, No. 45.400.

## INSTRUCTION NO. 56
### Limited Liability Company and Definitions

A Virginia limited liability company, or LLC, is an unincorporated organization that is organized and existing under Virginia's Limited Liability Company Act. In this case, Pro-Active and ATG were members of Raptor Training Services, LLC ("RTS"), which is a Virginia LLC. Because RTS is a Virginia LLC, certain laws and definitions contained in the Virginia LLC Act are applicable to the issues in this case.

A "member" is a person that has been admitted to membership in an LLC and that has not ceased to be a member.

A "manager" means a person designated by the members of an LLC to manage the LLC as provided in the operating agreement.

An "operating agreement" means an agreement of the members as to the affairs of a limited liability company and the conduct of its business.

Source & Authority: Va. Code § 13.1-1002

66

**INSTRUCTION NO. 57**
**Virginia Limited Liability Company Act and Definitions**

The Virginia Limited Liability Company Act (the "Act") outlines the requirements needed to create a Virginia LLC and the cost and fees necessary to maintain a Virginia LLC in good standing. The Act also requires an LLC have an operating agreement that the LLC uses to outline its business's financial and functional decisions, including its rules, regulations, and provisions. The purpose of the operating agreement is to govern the internal operation of the business.

The Act prioritizes the operating agreement's terms, such that operational agreement terms will supplant certain sections in the Act. If the LLC's operating agreement fails to explicitly supplant certain terms, directives, or procedures in the Act, the Act's terms will be integrated into the operating agreement.

Of relevance is the Act's provision discussing the dissociation or termination of an LLC's member. This section of the Act outlines twelve ways a member(s) of an LLC can remove another member from the LLC. Only one of the twelve reasons for dissociation applies in this case. Pursuant to the Act, a limited liability company or member can seek another member's dissociation from the LLC by filing suit in court and receiving a ruling to either grant or deny the dissociation. This process is called judicial dissociation.

Defendant did not seek judicial dissociation before removing Plaintiff, Advanced Training Group, Inc. ("ATG"), from the joint venture.

In this case, Plaintiff, ATG, alleges that the Defendant, wrongfully terminated ATG from the joint venture Raptor Training Services, LLC ("RTS"), in violation of the joint venture's operating agreement. ATG asserts that the operating agreement provided only three mechanisms for termination from the joint venture: (1) insolvency of a member; (2) voluntary withdrawal of a member; (3) a finding that the member breached the memorandum of understanding or the joint

venture's governing documents. ATG alleges that none of the three listed events were triggered to cause its termination from the joint venture.

ATG further alleges that the Defendant was required to seek judicial dissociation before removing ATG from the joint venture because none of the above-described events occurred.

As jurors, it is your responsibility to determine the following:

1. Whether the operating agreement provided more than three ways a member could be removed from the LLC.
2. Whether the operating agreement explicitly supplanted the Act's judicial dissociation requirement.
3. Whether ATG was insolvent at the time of its removal from the LLC. If you find that ATG was solvent, then Defendant had no reason to remove ATG from the LLC.
4. Whether ATG voluntarily withdrew from the LLC. If you find that ATG did not voluntarily withdraw from the LLC, then Defendant had no reason to remove ATG from the LLC.
5. Whether ATG breached the LLC's memorandum of understanding or operating agreement. If you find that ATG complied with the LLC's governing documents, then Defendant had no reason to remove ATG from the LLC.

If you determine "no" for each of the above, then you must find that ATG was wrongfully terminated from the LLC.

**INSTRUCTION NO. 58**
**Organizing Documents**

You will hear discussions of Organizing Documents or an Organizing Agreement. The only document Organizing Documents during Advanced Training Group Worldwide, Inc.'s participation in the Joint Venture was the Memorandum of Understanding and the Articles of Organization.

69

<u>VERDICT FORM</u>

1.  Do you find the Defendant, Pro-Active Technologies, Inc., in breach of the contract?

Yes_____ No_____

If you answered "YES" to Question 1, proceed to Question 2.
If you answered "NO" to Question 1, go no further and report your verdict to the court. All jurors
agreeing to this verdict should sign their name on the last page of this form.

2.  Did Defendant's, Pro-Active Technologies, Inc., cause Plaintiff, Advanced Training Group
Worldwide, Inc., to suffer damages?

Yes_____ No_____

If you answered "YES" to Question 2, proceed to Question 3.
If you answered "NO" to Question 2, go no further and report your verdict to the court. All jurors
agreeing to this verdict should sign their name on the last page of this form.

3.  Do you find that Advanced Training Group Worldwide, Inc. could complete representative
task order 63?

Yes_____ No_____

4.  Do you find that Advanced Training Group Worldwide, Inc. could complete representative
task order 85?

Yes_____ No_____

5.  Do you find that Advanced Training Group Worldwide, Inc. could complete representative
task order 109?

Yes_____ No_____

70