UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ADVANCED TRAINING GROUP WORLDWIDE, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 1:19-cv-00505-TSE-TCB ) |
| PROACTIVE TECHNOLOGIES, INC. | ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S AMENDED JURY INSTRUCTIONS**

Plaintiff, Advanced Training Group Worldwide, Inc. ("ATG" or "Plaintiff), by and through its undersigned counsel, submits its objections to Defendant's, ProActive Technologies, Inc. ("Defendant" or "ProActive")proposed jury instructions.

**Objection No. 1:** The Plaintiff objects to Defendant's proposed Jury Instruction No. 17 – Management of Limited Liability Company.

The plaintiff contends that the proposed jury instruction for management of a limited liability company under Virginia law Paragraphs 1 and 2 are an inaccurate paraphrasing of the authority cited. Va. Code § 13.1-1022 (A-C):

A. Except to the extent that the articles of organization or an operating agreement provides in writing for management of a limited liability company by a manager or managers, management ofa limited liability company shall be vested in its members.

B. Unless otherwise provided in this chapter, in the articles of organization, or in an operating agreement, the members of a limited liability company shall vote in proportion to their contributions to the limited liability company, as adjusted from time to time, and a majority

1

vote of the members of a limited liability company shall consist of the vote or other approval of members having a majority share of the voting power of all members.

C.  Unless otherwise provided in this chapter, in the articles of organization, or in an operating agreement, any action required or permitted to be taken by the members of a limited liability company may be taken upon a majority vote of the members.

Further, Paragraph 3 of the proposed Jury Instruction which states "In Raptor Training Services LLC, at all times Proactive has held the majority of the voting and membership interests and has served as the Managing Member" is a disputed fact and therefore should be removed. Further, Paragraph 3 is an incomplete and misleading description of the management of the Joint Venture. At all relevant times, RTS was also managed by a Board of Directors with six directors sitting on the board: three from ATG and three from ProActive. The language of the operating agreement did not specifically attribute the voting rights of the board of directors to the number of shares owned by members.

**Objection No. 2:** The plaintiff objects to Defendant's proposed Jury Instruction No. 19 – Definition of Contract. The Defendant has stipulated that the Joint Venture Agreement is a valid and binding contract. See Answer of Defendant Pro-Active Technologies, Inc. to Plaintiff's First Amended Complaint [D.E. 18].

Plaintiff further objects to this proposed jury instruction as the paragraph is unnecessary, misleading, and may be confusing to the jury as to the real issues to be determined in the case.

**Objection No. 3:** The plaintiff objects to Defendant's proposed Jury Instruction No. 20 – Contract Must Be Complete and Reasonably Certain. The Defendant has stipulated that the Joint Venture Agreement is a valid and binding contract. See Answer of Defendant Pro-Active Technologies, Inc. to Plaintiff's First Amended Complaint [D.E. 18].

Plaintiff further objects to this proposed jury instruction as the paragraph is unnecessary, misleading, and may be confusing to the jury as to the real issues to be determined in the case.

**Objection No. 4:** The plaintiff objects to Defendant's proposed Jury Instruction No. 25–Affirmative Defenses which states:

"ProActive has asserted an affirmative defense in this matter. ProActive is entitled to judgment in its favor if it proves that defense. ProActive asserts that ATG materially breached the Memorandum of Understanding prior to termination, which is called the 'First Material Breach' defense."

They state facts that are contrary to the evidence, state facts that are not in evidence, and misstate the law. Further, this is a disputed fact and therefore should be removed. Further the sources cited arise from the business judgment defense which this Court has barred ProActive from using at trial.

**Objection No. 5:** The plaintiff objects to Defendant's proposed Jury Instruction No. 26–First Material Breach. Defendant states facts that are contrary to the evidence, state facts that are not in evidence, and/or misstates the law. Further, this is a disputed fact and therefore should be removed.

**Objection No. 6:** The plaintiff objects to Defendant's proposed Jury Instruction No. 27–Material Breach of Contract. The exact model jury instruction should be used, which states: "A material breach of contract occurs if a party fails to do something which he is bound to do according to the contract which is so important and central to the contract that the failure defeats the very purpose of the contract." Virginia Model Jury Instruction No. 45.400.

**Objection No. 7:** The plaintiff objects to Defendant's proposed Jury Instruction No. 28 –50% Rule. The defendant states facts that are contrary to the evidence, states facts that are not

in evidence, and misstate the law. Further, this is a disputed fact and therefore should be removed. Furthermore, this instruction has no bearing on the remaining allowable affirmative defenses.

**Objection No. 8:** The plaintiff objects to Defendant's proposed Jury Instruction No. 29 – Federal Acquisition Regulation. They state facts that are contrary to the evidence, state facts that are not in evidence, and misstate the law. Further, this is a disputed fact and therefore should be removed. Furthermore, this instruction has no bearing on the remaining allowable affirmative defenses.

**Objection No. 9:** The plaintiff objects to Defendant's proposed Jury Instruction No. 30 –Indefinite-Delivery, Indefinite Quantity Contract. They state facts that are contrary to the evidence,state facts that are not in evidence, and misstate the law.

The Plaintiff contends that the authority should be cited accurately to the FAR 16-501-1 asfollows and remove the language the defendant proposes:

FAR 16.501-1. Definitions. As used in this subpart-

*Delivery-order contract* means a contract for supplies that does not procure or specify a firm quantity of supplies (other than a minimum or maximum quantity) and that provides for the issuance of the orders for the delivery of supplies during the period of the contract.

*Task-order contract* means a contract for services that does not procure or specify a firm quantity of services (other than a minimum or maximum quantity) and that provides for the issuance of orders for the performance of tasks during the period of the contract.

The Plaintiff contends that the authority should be cited accurately to the FAR 16-501-2 asfollows and remove the language the defendant proposes:

FAR 16.501-2. General.

(a) There are three types of indefinite-delivery contracts: definite-quantity contracts, requirements contracts, and indefinite-quantity contracts. The appropriate type of indefinite-delivery contract may be used to acquire supplies and/or services when the exact times and/or exact quantities of future deliveries are not known at the time of contract award. Pursuant to 10 U.S.C. 2304d and 41

U.S.C. 4101, requirements contracts and indefinite-quantity contracts are also known as delivery-order contracts or task-order contracts.

(b) The various types of indefinite-delivery contracts offer the following advantages:

(1) All three types permit – (i) Government stocks to be maintained at minimum levels; and (ii) Direct shipment to users.

(2) Indefinite-quantity contracts and requirements contracts also permit - (i) Flexibility in both quantities and delivery scheduling; and (ii) Ordering of supplies or services after requirementsmaterialize.

(3) Indefinite-quantity contracts limit the Government's obligation to the minimum quantity specified in the contract.

(c) Indefinite-delivery contracts may provide for any appropriate cost or pricing agreement under part 16. Cost or pricing arrangements that provide for an estimated quantity of supplies or services (e.g., estimated number of labor hours) must comply with the appropriate procedures of this subpart.

**Objection No. 10:** The plaintiff objects to Defendant's proposed Jury Instruction No. 31 – Finding Instruction. The Defendant has stipulated that the JointVenture Agreement is a valid and binding contract. See Answer of Defendant Pro-Active Technologies, Inc. to Plaintiff's First

Amended Complaint [D.E. 18]. Thus, subparagraphs (1) in this Instruction are unnecessary.

Further Plaintiff has provided the correct Finding Instruction in its Proposed Jury Instruction with no modifications.

**Objection No. 10:** The plaintiff objects to Defendants proposed Jury Instruction No. 32- Nominal Damages to the extent that it misstates the status of the Plaintiff's demand. This instruction is either unnecessary as the Court has determined that if Plaintiff is found to be damaged Plaintiff is to be awarded nominal damages or the Instruction should strike "In this action, ATG is only seeking 'nominal damages.'"

DATED: July 14, 2021　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　ADVANCED TRAINING GROUP WORLDWIDE, INC.,
　　　　　　　　　　　　　　　　　　Plaintiff, *By and Through Counsel:*

　　　　　　　　　　　　　　　　　　**WHITCOMB, SELINSKY, PC**

　　　　　　　　　By:　　　　　　　/s/
　　　　　　　　　　　　　　　　　　DAVID T. LONG JR. (VSB # 89870)
　　　　　　　　　　　　　　　　　　JOSEPH A. WHITCOMB, *Pro Hac Vice*
　　　　　　　　　　　　　　　　　　ARRON B. NESBITT, *Pro Hac Vice*
　　　　　　　　　　　　　　　　　　2000 S. Colorado Blvd. Tower One, Suite 9500
　　　　　　　　　　　　　　　　　　Denver, CO 80222
　　　　　　　　　　　　　　　　　　[T](303)534-1958; [F](303)534-1949
　　　　　　　　　　　　　　　　　　joe@whitcomblawpc.com
　　　　　　　　　　　　　　　　　　arron@whitcomblawpc.com
　　　　　　　　　　　　　　　　　　david@whitcomblawpc.com
　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of July 2021, I have electronically filed the foregoing with the Clerk of Court using the CM/EMF system, thereby providing notification of such filing (NEF) to the following counsel of record:

Jeffrey S. Poretz, VSB No. 38529
Laura Golden Liff, VSB No. 80618
C. Peter Dungan, *Pro Hac Vice*
Rachel T. McGuckian, *Pro Hac Vice*
MILES & STOCKBRIDGE, PC
1751 Pinnacle Drive, Suite 1500
Tysons Corner, VA 22102
[T] (703)610-8651; [F] (703)610-8686
jporetz@milesstockbridge.com
lliff@milesstockbridge.com
pdungan@milesstockbridge.com
rmcquckian@milesstockbridge.com
*Counsel for Defendant*

By: /s/ David T. Long Jr.
DAVID T. LONG JR. (VSB # 89870)